## ESTATE OF BRIDGET McGOVERN, DECEASED.

[No. 2,643; decided October 23, 1883.]

A Cost Bill is not Filed, if not delivered to the clerk nor received by him.

Filing a Paper Consists in Presenting It at the Proper Office and leaving it there, deposited with the papers in such office.

Filing Papers.—Section 1030 of the Political Code Defines and Fixes the hours during which public offices shall be kept open; and a paper which is left in a public office one hour after the time fixed by law for its closing, is left there when the office is legally closed.

**Where a Cost Bill is Left in the Clerk's Office About One Hour After the Time** specified by law for the closing of the office, there being no person present authorized to receive and file it, the paper is not filed; and if the date of the alleged filing is the last day allowed by the statute for filing the bill, a motion to strike it out should be granted.

The opinion of the court in this case was rendered upon a notice of motion to strike out cost bill filed August 28, 1883. The notice was given by M. Cooney, the attorney theretofore appointed by the court to appear "for Ellen McPartry, of Ireland, John Simpson, of Philadelphia, Ann Halligan, of Philadelphia, Rose Kenney, Boston, to represent them upon the contest and application for the probate of the alleged will on file herein, and upon all subsequent proceedings in the estate; such persons being heirs of deceased (Bridget McGovern)."

The notice of motion was directed to a cost bill claimed to have been filed August 23, 1883, but which appears by the record to have not been actually filed till January 12, 1884; this cost bill was presented by John McQueeny and Edward McFernan, proponents and executors of the last will of the deceased, and purported to be a memorandum of costs incurred on the contest to the probate of the will; the contest having been made by the heirs named aforesaid, represented by M. Cooney. The ground specified in the notice of motion to strike out was, among other grounds, first, that the cost bill "was not filed or served within five days after the decision and judgment of the court was made, and the order admitting the will to probate was made and entered." The opinion of the court is directed solely to this first ground. and the facts supporting that ground are fully set out in the opinion.

M. Cooney, for the motion.

C. F. Hanlon, contra.

COFFEY, J. The cost bill in this matter was not delivered to the clerk, nor received by him. "Filing a paper consists in presenting it at the proper office, and leaving it there deposited with the papers in such office." According

to the evidence, the office was legally closed when the paper was left there: Pol. Code, sec. 1030. No person authorized to receive it and file it was present—it being about one hour after the closing of the office (Pol. Code, sec. 1030), and there was no person present to whom it could be "presented," nor does it appear it was "deposited with the papers" in the office. This paper never was filed, in the sense of the statute.

Motion to strike out granted.